UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
01 DEC 27 PM 4:07
U.S. DISTRICT COURT
N D OF ALABAMA

UTILITY AUTOMATION )
INTEGRATORS, INC., )
 )
        Plaintiff, )
 )
vs. ) Civil Action No. CV-01-S-3266-NE
 )
GERALD D. MARBURY, )
 )
        Defendant. )

ENTERED
DEC 27 2001

MEMORANDUM OPINION

Plaintiff, Utility Automation Integrators, Inc., brought suit in the Circuit Court of Madison County, Alabama, on November 9, 2001, alleging that defendant, Gerald D. Marbury, was in violation of a non-competition agreement, and possibly a confidentiality agreement, that defendant had signed during his employment with plaintiff. Defendant filed his answer and a counterclaim on December 18, 2001, contending that plaintiff had violated his civil rights under 42 U.S.C. § 1981 by engaging in systematic race discrimination against defendant.[1] Defendant concurrently removed the action to this court, pursuant to 28 U.S.C. § 1443, alleging that this court has subject matter jurisdiction of the action in light of the federal question alleged in his counterclaim.

Upon consideration of the pleadings, this court finds *sua sponte* that it lacks jurisdiction over the controversy and, accordingly, that this matter is due to be remanded to state court for all further proceedings.[2]

---

[1] Defendant's answer and counterclaims were filed in this court, concurrently with his notice of removal.

[2] Although defendant makes a cursory reference in his notice of removal to the general removal statute codified at 28 U.S.C. § 1441 (*see* Notice of Removal ¶ 1), the court assumes that defendant removed the action on the basis of 28 U.S.C. § 1443. Defendant invoked § 1443 in the notice of removal to justify this court's removal jurisdiction, and devotes his brief analysis solely to the court's jurisdiction pursuant to § 1443. *See id.* ¶ 4. The court addresses its removal jurisdiction under § 1441 nevertheless, and similarly finds that remand is appropriate for lack of subject matter jurisdiction. *See infra* text at pages 7-11.

## I. STATEMENT OF FACTS

Plaintiff, Utility Automation Integrators, Inc., an Alabama corporation in existence since 1998, develops, markets, and provides support for "highly specialized software and automation systems used by utilities."[3] Plaintiff employed defendant, Gerald D. Marbury, as its Director of Research and Development between November of 1998 and September of 2001. In that position, defendant had access to, and developed, "confidential and proprietary information" about plaintiff's software.[4] When defendant began work for plaintiff, he executed an employment agreement which: (a) required him to abstain from using proprietary information or business trade secrets that he acquired while in plaintiff's employ for his personal gain; (b) prevented him from using plaintiff's trade secrets, clients, or other information damaging to plaintiff to start a similar business; and (c) precluded defendant from using the confidential knowledge and experience he gained while working for plaintiff for his personal gain.[5]

Plaintiff alleges that defendant resigned on September 7, 2001, at which time he declared that "he was resigning to complete his education and had no immediate employment plans."[6] However, defendant apparently went to work instead for plaintiff's direct competitor (Power Delivery Associates, Inc.) almost immediately following his resignation from plaintiff's employ.[7]

In response, plaintiff filed suit two months later, on November 9, 2001, in the Circuit Court for Madison County, Alabama, asserting solely state law claims against defendant for his alleged violation of the non-competition and confidentiality covenants of his employment contract, breach

---

[3] Notice of Removal, Ex. A (Complaint), at ¶ 3.
[4] *Id.* ¶ 6.
[5] *Id.* ¶ 7.
[6] *Id.* ¶ 8.
[7] *Id.*

2

of the fiduciary duty of loyalty to his former employer, and violation of the Alabama Trade Secrets Act, Alabama Code § 8-27-1 *et seq.*[8] Plaintiff seeks preliminary and permanent injunctive relief to prevent defendant from competing with plaintiff for a period of two years, together with compensatory and punitive damages for defendant's actions.[9]

On December 18, 2001, defendant simultaneously filed in this court a notice of removal, together with an answer to plaintiff's complaint. Defendant also asserted counterclaims against plaintiff. Four of such counterclaims — breach of oral contract, unjust enrichment, promissory fraud, and promissory estoppel — were grounded in state law, while the fifth asserts that plaintiff violated federal rights secured to defendant by the Civil Rights Act of 1866, 42 U.S.C. § 1981,[10] by engaging in "systematic race discrimination against Defendant."[11] Defendant's notice of removal contends that this court has jurisdiction over the controversy pursuant to 28 U.S.C § 1443, which provides for the removability of civil rights cases.[12]

## II. DISCUSSION

Federal district courts are tribunals of limited jurisdiction, "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *University of South Alabama v. The American Tobacco Co.,* 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, an "Article III court must be sure

---

[8] *Id.* at 4-7. Defendant was not served with the summons and complaint in plaintiff's action until November 26, 2001. As a result, timeliness of removal is not an issue here. *See* Notice of Removal ¶ 2; 28 U.S.C. § 1446(b).

[9] *Id.* at 5-7.

[10] Defendant's Answer, Affirmative Defenses, and Counterclaim at Counts II-V.

[11] Notice of Removal ¶ 4.

[12] *Id.* (doc. no. 1).

3

of its own jurisdiction before getting to the merits" of any action. *Ortiz v. Fiberboard Corp.*, 527 U.S. 815, 831, 119 S.Ct. 2295, 2307, 144 L.Ed.2d 715 (1999) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 88-89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)); *see also, e.g.*, *Galindo-Del Valle v. Attorney General*, 213 F.3d 594, 598 n.2 (11th Cir. 2000) (observing that federal courts are "obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking"), *cert. denied,* — U.S.—, 121 S.Ct. 2590, 150 L.Ed.2d 749 (2001); *University of South Alabama,* 168 F.3d at 410 ("[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings.").

Thus, although plaintiff has not objected to this court's subject matter jurisdiction, the court *sua sponte* examines the propriety of the case before it, in light of defendant's apparent failure to demonstrate that the action was properly removed under 28 U.S.C. § 1443.

Removal jurisdiction for civil rights cases is set forth in Title 28 of the United States Code, and provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443 (1994).

For defendant to remove a case on the basis of 28 U.S.C. § 1443(1),[13] he must meet a two-

---

[13] It should be noted that defendant removes his claim under 28 U.S.C. § 1443 generally, and without reference

part test established by the Supreme Court in *Johnson v. Mississippi*, 214 U.S. 213, 95 S.Ct. 1591, 44 L.Ed.2d 121 (1975). As the Court explained:

> [A] removal petition under 28 U.S.C. § 1443(1) must satisfy a two-pronged test. First, it must appear that the right allegedly denied the removal petitioner arises under a federal law "providing for specific civil rights stated in terms of racial equality." *Georgia v. Rachel*, [384 U.S. 780, 792, 86 S.Ct. 1783, 1790, 16 L.Ed.2d 925 (1966)]. Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1). *City of Greenwood v. Peacock*, [384 U.S. 808, 825, 86 S.Ct. 1800, 1811, 16 L.Ed.2d 944 (1966)].
>
> Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is "denied or cannot enforce" the specified federal rights "in the courts of (the) State." This provision normally requires that the "denial be manifest in a formal expression of state law," *Georgia v. Rachel, supra*, 384 U.S. at 803, 86 S.Ct. at 1796, such as a state legislative or constitutional provision, "rather than a denial first made manifest in the trial of the case." *Id.* at 799, 86 S.Ct. at 1794. Except in the unusual case where "an equivalent basis could be shown for an equally firm prediction that the defendant would be 'denied or cannot enforce' the specified federal rights in the state court," *id.* at 804, 86 S.Ct. at 1796, it was to be expected that the protection of federal constitutional or statutory rights could be effected in the pending state proceedings, civil or criminal. Under § 1443(1),
>
>> 'the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.' *City of Greenwood v. Peacock, supra*, 384 U.S. at 828, 86 S.Ct. at 1812.

*Johnson,* 214 U.S. at 219-20, 95 S.Ct. at 1595-96.

Defendant makes no reference either to 28 U.S.C. § 1443(1), or to the *Johnson v. Mississippi* test in his notice of removal. Assuming *arguendo* that defendant intended to rely on § 1443(1), the

---

to either subpart of that provision. *See* Notice of Removal ¶ 4.

5

court could infer that the first prong is satisfied, by virtue of the fact that defendant relies on a "federal law 'providing for specific civil rights stated in terms of racial equality,'" *id.* at 219, 95 S.Ct. at 1595 (quoting *Rachel*, 384 U.S. at 792, 86 S.Ct. at 1790) — namely, the Civil Rights Act of 1866, 42 U.S.C. § 1981.[14] No such inference can be made as to the second part of the *Johnson v. Mississippi* test on defendant's behalf, however. Defendant does not suggest anywhere in his notice of removal that he either has been denied, or cannot enforce, his federal civil rights under § 1443 in the state courts of Alabama. *See* 28 U.S.C. § 1443(1); *Johnson*, 214 U.S. at 219, 95 S.Ct. at 1595.

Defendant similarly cannot invoke § 1443(2) in order to acquire this court's subject matter jurisdiction upon removal. In *City of Greenwood v. Peacock*, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966), the Supreme Court considered the removal petition of defendants facing criminal charges, allegedly for engaging in civil rights activities. The Court did not permit defendants there to rely on § 1443(2) to justify removal to the federal district court because:

---

[14] The Civil Rights Act of 1866, 42 U.S.C. § 1981 provides in a section entitled "Equal rights under the law":

(a) Statement of equal rights
All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined
For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) Protection against impairment
The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

42 U.S.C. § 1981 (1994).

6

> The individual petitioners contend that, quite apart from 28 U.S.C. § 1443(1), they are entitled to remove their cases to the District Court under 28 U.S.C. § 1443(2), which authorizes the removal of a civil action or criminal prosecution for "any act under color of authority derived from any law providing for equal rights ...." The core of their contention is that the various federal constitutional and statutory provisions invoked in their removal petitions conferred "color of authority" upon them to perform the acts for which they are being prosecuted by the State. We reject this argument, because *we have concluded that the history of § 1443(2) demonstrates convincingly that this subsection of the removal statute is available only to federal officers and to persons assisting such officers in the performance of their official duties.*

*City of Greenwood*, 384 U.S. at 814-15, 86 S.Ct. at 1805 (emphasis supplied). Defendant has not, and cannot, demonstrate that he acted with "color of authority" in the fashion envisioned by the *City of Greenwood* Court. As such, defendant has failed to meet his burden on removal under either subsection of 28 U.S.C. § 1443, a finding that warrants remand of this action to the Circuit Court of Madison County, Alabama for all further proceedings.

Even were this court to assume that defendant intended to remove this action on the basis of the more commonly used removal provision codified at 28 U.S.C. § 1441,[15] this court's order of remand to the Madison County Circuit Court still would be proper. That is because defendant cannot establish jurisdiction pursuant to that statute, providing:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

28 U.S.C. § 1441(a) (1994). Because both parties are citizens of the State of Alabama, defendant cannot claim that the parties are diverse and, thus, that this court has original jurisdiction pursuant

---

[15] *See supra* note 2.

to 28 U.S.C. § 1332.[16] Consequently, for this court to have proper removal jurisdiction, defendant must be able to show the presence of a federal question for the court's consideration under 28 U.S.C. § 1331. What makes this case unusual, however, is that plaintiff asserts only state law claims in its complaint, and it is the defendant who seeks removal on the basis of the federal claim alleged in his *counterclaim* against plaintiff.[17] The issue, then, is *not* whether there is a federal question at issue, but whether a party other than a plaintiff may raise a federal question for consideration in a pleading other than the initial complaint.

Deference to the right of state courts to decide the controversies before them requires that federal courts strictly construe removal jurisdiction statutes. *See Shamrock Oil & Gas Corp. v. Sheets*, 3131 U.S. 100, 108-09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941) (describing Congress's purposive narrowing of federal court removal jurisdiction by eliminating a plaintiff's right to remove cases to federal court). The powerful "well-pleaded complaint rule" has emerged from this concern for state court sovereignty. *See Franchise Tax Board of the State of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 10, 103 S.Ct. 2841, 2846, 77 L.Ed.2d (1983). The well-pleaded complaint rule provides that a case "must be determined from what necessarily appears in the *plaintiff's statement of his own claim* in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose."[18] *Id.* (quoting *Taylor v. Anderson*, 234 U.S. 74, 75-76, 34 S.Ct. 724, 724, 58 L.Ed. 1218

---

[16] *See* Notice of Removal, Ex. A (Complaint), ¶¶ 1-2.

[17] *See* Notice of Removal ¶ 4.

[18] Seventy-five years before its decision in *Franchise Tax Board*, the Supreme Court explained this principle in the following manner:

> *[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based on those laws or that Constitution.* It is not enough that the plaintiff alleges some anticipated

8

(1914) (emphasis supplied). As the Supreme Court succinctly stated:

> For better or worse, under the present statutory scheme as it has existed since 1887, *a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case "arises under" federal law.* "[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the *plaintiff's* cause of action."

*Id.* at 10-11, 103 S.Ct. at 2847 (quoting *Gully v. First National Bank*, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936)) (emphasis added). The implication of the well-pleaded complaint rule, then, is that any "[d]oubts concerning removability are to be resolved against removal and in favor of remand." *Alabama Department of Environmental Management v. Southern Clay and Energy*, 737 F. Supp. 80, 81-82 (N.D. Ala. 1990) (Nelson, J.); *see also Shamrock Oil*, 313 U.S. at 108-09, 61 S.Ct. at 872.

Plaintiff has asserted three claims against defendant, all of which are founded in state law. In filing his counterclaim, defendant appears to argue that removal is proper on the basis of the federal question alleged therein — essentially, that plaintiff has violated defendant's civil rights under 42 U.S.C. § 1981 by virtue of plaintiff's "systematic race discrimination."[19] What defendant fails to observe, however, is that removal jurisdiction cannot be founded on a federal question contained within anything other than a plaintiff's complaint at the time of removal. *See Great Northern Railway Co. v. Alexander*, 246 U.S. 276, 281, 38 S.Ct. 237, 239, 62 L.Ed. 713 (1918); *see*

---

> defense to his cause of action, and asserts that the defense is invalidated by some provision of the Constitution of the United States. Although such allegations show that very likely, in the course, of the litigation, a question would arise, *they do not show that the suit, that is, plaintiff's original cause of action, arises under the Constitution.*

*Louisville & Nashville Railroad Co. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908) (emphasis supplied).

[19] Notice of Removal ¶ 4.

9

*also Franchise Tax Board*, 463 U.S. at 10, 103 S.Ct. at 2846; *Mottley*, 211 U.S. at 152, 29 S.Ct. at 43. Thus, if the allegations in plaintiff's complaint here do not satisfy the requirements of 28 U.S.C. § 1441, the action "cannot be made removable by any statement in the petition for removal or in subsequent pleadings by defendant." *Great Northern Railway Co.*, 246 U.S. at 281, 38 S.Ct. at 239.

While the issue of whether this court's removal jurisdiction can be based on a defendant's counterclaim has not been considered by the Eleventh Circuit, other federal courts (including district courts within this Circuit) have determined that a defendant's counterclaim, even if compulsory, is a "subsequent pleading by the defendant," and thus outside the realm of what federal courts may examine in determining the propriety of their removal jurisdiction. *See, e.g., Price v. ALFA Mutual Insurance Co.*, 877 F. Supp. 597, 600 (M.D. Ala. 1995) ("The well-pleaded complaint rule has even been extended to bar removal where the defendant raises a federal question in a compulsory counterclaim."); *Alabama National Guard Federal Credit Union v. Maddox*, 848 F. Supp. 159, 160 (M.D. Ala. 1994) (holding that plaintiff cannot remove on the basis of defendant's counterclaim); *Stone v. Williams*, 792 F. Supp. 749, 753-54 (M.D. Ala. 1992) (confining scrutiny of proper removal jurisdiction to plaintiff's complaint, disregarding defendant's compulsory counterclaim); *Southern Clay and Energy*, 737 F. Supp. at 81-82; *see also, e.g., F.D.I.C. v. Elefant*, 790 F.2d 661, 667 (7th Cir. 1986) (filing of counterclaim based on federal law does not make action removable); *Cook v. Georgetown Steel Corp.*, 770 F.2d 1272, 1276 (4th Cir. 1985) (finding no removal jurisdiction where only federal issue was raised in defendant's counterclaim); *Takeda v. Northwest National Life Insurance Co.*, 765 F.2d 815, 822 (9th Cir. 1985) (finding no removal jurisdiction where plaintiffs asserted only state law claims and defendants sought removal on the basis of federal question alleged in counterclaims); *General Electric Capital Auto Lease, Inc. v. Mires*, 788 F. Supp. 948, 949, 950

(E.D. Mich. 1992) (citing *Shamrock Oil*, 313 U.S. at 100, 61 S.Ct. at 868, for the proposition that a counterclaim cannot provide the basis for removal, even if original jurisdiction may exist on the basis of that counterclaim).

This court follows the lead of these other courts to find that defendant cannot invoke removal jurisdiction on the basis of the federal question alleged in his counterclaim against plaintiff. The court accordingly determines that it has no subject matter jurisdiction over plaintiff's action, and orders the action remanded to the Circuit Court for Madison County, Alabama. An appropriate order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this 27th day of December, 2001.

United States District Judge